# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-233 CAS |
| ) | |
| ST. LOUIS JUSTICE CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of John Henry Woods (registration no. OR105275) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on February 21, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $25.00, and an average monthly account balance of $20.31. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.00, which is 20 percent of applicant's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants City of St. Louis Justice Center, C.O. Jonse, unknown mail clerk

in the mail room, Lorenzo Chancelor (grievance coordinator), Unknown Portwood (caseworker), Jerome Feilds (grievance coordinator and law library supervisor), and Reginal Moore (unit manager).

Plaintiff's claims against defendants Unknown Portwood, Jerome Feilds, C.O. Jonse, unknown mail clerk, and Reginal Moore regarding the opening of his mail, the denial of his right of access to the courts, and the denial of his right "to call [his] attorney for 4 months" survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Unknown Portwood, Jerome Feilds, C.O. Jonse, unknown mail clerk, and Reginal Moore reply to these claims.

Plaintiff's claim that defendant Unknown Portwood "destroyed all the application[s]" for the Angel Tree and Salvation Army Christmas programs in 2004 does not rise to the level of a constitutional violation and is legally frivolous.

Plaintiff's claims that defendant grievance officers Lorenzo Chancelor and Jerome Feilds "failed to allow his complaint to go forth by not responding" and "refused to allow [plaintiff his] right to appeal [Chancelor's] decision" do not constitute violations of plaintiff's constitutional rights. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials' failure to process grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). As such, these claims are legally frivolous.

The complaint is legally frivolous as to defendant City of St. Louis Justice Center, because jails are not suable entities. See Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), cert. dismissed, 529 U.S. 1001 (2000); Lair v. Norris, 32 F. App'x 175 (8th Cir. 2002) (unpublished per curiam); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit).

Finally, plaintiff filed a motion titled "Motion for Leave for Joinder's [sic] to Add a [Third] Party" in which he seeks leave of court to add St. Louis Tow Company as a third-party defendant on the grounds that he "was not notif[ied] prior to [the] sale of [his] car." The Court will deny plaintiff's motion for three reasons. First, the motion is procedurally defective in that changes to a complaint must be effected by means of a amended complaint and plaintiff does not appear actually assert a third-party claim as opposed to merely seeking to join a defendant. Second, the issue raised appears to be the subject of ongoing litigation this district in John Henry Woods v. St. Louis Police Department, et al., No. 4:06-CV-226 HEA (E.D. Mo.), and the motion may have been intended for filing in 4:06-CV-226 HEA rather than this case.[1] Finally, plaintiff does not assert, nor does it appear to the Court, that St. Louis Tow Company is a state actor for purposes of § 1983. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 328 (1986) (to state § 1983 claim, plaintiff must first establish that person acting under color of state law committed actions which form the basis of the complaint).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $5.00 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance

---

[1] In fact, it is not clear to the Court whether plaintiff intended to file the Motion for Leave for Joinder's [sic] to Add a [Third] Party in this case, or in Woods v. St. Louis Police Department, No. 4:06-CV-226 HEA (E.D. Mo.). The Motion bears the case caption "Woods v. St. Louis Police Department, et al." and an incorrect case number, 4:05-CV-23 CAS (plaintiff is not a party to 4:05-CV-23 FRB (E.D. Mo.), which is captioned Montero v. Bush).

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Leave for Joinder's [sic] to Add a [Third] Party" is **DENIED** without prejudice. [Doc. 4]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants City of St. Louis Justice Center and Lorenzo Chancelor, because the claims against these defendants are legally frivolous and/or fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims regarding the destruction of the Christmas program applications and the failure to respond to his grievances are **DISMISSED** as legally frivolous.

**IT IS FURTHER ORDERED** that as to defendants Unknown Jonse, Unknown Portwood, unknown mail clerk in the mail room, Jerome Feilds, and Reginal Moore, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants C.O. Jonse, Unknown Portwood, unknown mail clerk in the mail room, Jerome Feilds, and Reginal Moore shall reply to the complaint, with the exception of the aforementioned claims that have been dismissed as legally frivolous, within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order of partial dismissal shall accompany this memorandum and order.

                                                */s/ Charles A. Shaw*
                                           **CHARLES A. SHAW**
                                           **UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of May, 2006.