# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

JOHN HENRY WOODS, )
 )
        Plaintiff, )
 )
v. ) No. 4:06-CV-233 CAS
 )
ST. LOUIS JUSTICE CENTER, et al., )
 )
        Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on several motions filed by plaintiff. Defendants Jerome Fields and Reginald Moore oppose plaintiff's motions for injunctive relief.[1]

**Motion for Appointment of Counsel**.

Plaintiff has filed a motion for appointment of counsel. The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court may appoint counsel.") (emphasis added).

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005).

---

[1]These defendants were sued as "Reginal Moore" and "Jerome Feilds" respectively, but the Court will refer to them using the spelling of their names used by the defendants.

(citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

In this case, it appears that appointment of counsel is not necessary at this time. The facts alleged in the complaint are not complex, and there is no indication in the record that plaintiff is unable to investigate or present his case. No responsive pleadings have been filed and discovery has not begun, so there is no conflicting testimony. It is premature to determine the complexity of the legal arguments, as the only substantive pleading before the Court is plaintiff's pro se complaint, which alleges claims concerning the opening of his mail, the denial of his right to access the courts, and the denial of his right to call his attorney for four months. Thus, the Court will deny plaintiff's motion for appointment of counsel without prejudice.

**Motion for Injunctive Relief**.

Plaintiff has filed a "Motion Requesting a[n] Injuction [sic] on St. Louis Justice Center." This motion will be denied. The Court previously dismissed plaintiff's claims against defendant St. Louis Justice Center on the basis that jails are not suable entities. See Mem. and Order of May 25, 2006, at 3. Plaintiff therefore cannot seek injunctive relief against St. Louis Justice Center.

**Motion for Jury Trial**.

Plaintiff has filed a "Motion to Request Leave to Demaned [sic] a Jury Trial." This motion will be denied as moot, as plaintiff previously filed a jury demand on March 1, 2006, see Doc. 3, and the docket properly reflects that plaintiff has made a jury demand.

**Letter to the Court Requesting Copies**.

Plaintiff sent an undated letter to the Court which was received on June 2, 2006. Attached to the letter is a memorandum dated December 21, 2005 from Jerome Fields, Ombudsman, to Pro Se Inmates - SLCJC. The letter is not entirely clear, but plaintiff appears to be requesting that the Court make a copy of the attached memorandum and send it back to plaintiff, because plaintiff lacks the funds to have the memorandum copied.

Plaintiff's request for copies will be denied. The Court does not provide free copies for pro se litigants. The Clerk's Office will make copies of documents at the rate of fifty cents (50¢) per page, prepaid. Or, plaintiff may send two copies of a document to the Court along with a self-addressed stamped envelope, and the Clerk will return a file-stamped copy of the document to plaintiff.

In addition, in the future, plaintiff should communicate with the Court only by motion or memorandum, and not by letter. See E.D. Mo. Local Rule 4.04(A). If plaintiff wishes to communicate with the Clerk of the Court, he should titled his document "Memorandum for Clerk." The Court may return any future letters submitted by plaintiff without filing them.

**Motion for Injunction Concerning Law Library**.

Plaintiff has filed a "Motion and Memorandum Requesting Leave to Support the Motion for Injunction Concerning the Law Library with Affidavit in Support." The motion and attachments thereto indicate that plaintiff has been completely barred from access to the St. Louis Justice Center's law library based on the belief of officials that the instant case had been dismissed in its entirety.

In response, defendants Moore and Fields concede that plaintiff was mistakenly kept from the law library, but state that once the mistake was discovered plaintiff was allowed access and currently

has access to the law library, and therefore his motion for injunctive relief is moot. Defendants did not submit any affidavit or other evidentiary support with their response. Nonetheless, plaintiff has not filed a reply in support of his motion for injunction concerning the law library, and the time to do so has passed. The Court therefore accepts as true defendants' assertion that plaintiff has access to the law library. The motion for injunction should therefore be denied without prejudice as moot.

**Certificate of Service**.

The Court notes that none of plaintiff's motions contain a certificate of service. Daniel J. Emerson, Assistant City Counselor, entered an appearance in the record on behalf of defendants Fields and Moore on June 8, 2006. Federal Rule of Civil Procedure 5(d) requires that all papers include a certificate of service, to reflect that a copy was sent to opposing counsel as required by Rule 5(a), Fed. R. Civ. P.[2]

Therefore, any motions, papers, memoranda or other documents submitted by plaintiff to the Court must contain a certificate of service indicating that a copy of the motion, paper or other document (including any attachments) was sent to Mr. Emerson. Any document which is submitted to the Court without such a certificate of service will not be docketed and will be returned to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [Doc. 8]

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief against the St. Louis Justice Center is **DENIED**. [Doc. 9]

---

[2]In general, pro se representation does not excuse a party from complying with a court's orders, local rules, and with the Federal Rules of Civil Procedure. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to demand a jury trial is **DENIED as moot**. [Doc. 10]

**IT IS FURTHER ORDERED** that plaintiff's letter request for free copies is **DENIED**. [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiff's motion for injunction concerning access to the law library is **DENIED without prejudice** as moot. [ Doc. 11]

**IT IS FURTHER ORDERED** that in the future, all motions, papers or other documents submitted to the Court by plaintiff must contain a certificate of service indicating that a copy of the motion, paper, memorandum or other document (including any attachments) was sent to opposing counsel. Any document which is submitted to the Court without a certificate of service will not be docketed and will be returned to plaintiff.

**IT IS FURTHER ORDERED** that in the future, plaintiff shall communicate with the Court only by motion or memorandum, and not by letter. See E.D. Mo. Local Rule 4.04(A).

／s／ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of June, 2006.