UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HENRY WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-233 CAS |
| | ) | |
| ST. LOUIS JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for injunctive relief against defendant Fields and non-party Patrick Schommer. Defendants oppose plaintiff's motion. For the following reasons, plaintiff's motion will be denied as moot.

Plaintiff's motion seeks injunctive relief against defendant Fields, and alleges that plaintiff is not being allowed to make copies or exhaust administrative remedies while being held at the St. Louis Justice Center. On August 22, 2006, the Court received a letter from plaintiff indicating that he is no longer being held at the St. Louis Justice Center.

Plaintiff's release from the St. Louis Justice Center renders his claim for injunctive relief moot and his motion should be denied on that basis. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991)). To the extent plaintiff was attempting to seek injunctive relief on behalf of other inmates, he may not do so, as prisoners lack standing to bring claims alleging mistreatment of other prisoners. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). In addition, a non-lawyer pro se party has no right to represent another party

in federal court.  Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001).  Thus, plaintiff's motion for injunctive relief should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for injunctive relief is **DENIED** as moot. [ Doc. 28]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of August, 2006.