**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHN HENRY WOODS, | ) |
|       Plaintiff, | ) |
| v. | ) No. 4:06-CV-233 CAS |
| ST. LOUIS JUSTICE CENTER, et al., | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, filed by defendants Jerome Fields, Reginald Moore, Jeri Kincade, Reba Portwood and Annie Jones.[1] Plaintiff has not filed an opposition to the motion to dismiss and the time to do so has passed.

As a threshold matter, the Court notes that each of the defendants filed an answer in this case. While a Rule 12(b)(6) motion technically cannot be filed after an answer has been submitted, see Fed. R. Civ. P. 12(b)(6), Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings under Rule 12(c). The Court will therefore treat defendants' motion to dismiss as a motion under Rule 12(c). See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (construing a post-answer motion to dismiss for failure to state a claim as a motion under Rule 12(c)). The distinction is "purely formal" as a motion

---

[1] These defendants were sued as Jerome Feilds, Reginal Moore, Unknown Mail Clerk in the Mail Room, Unknown Portwood, and Unknown Jonse, respectively. The Court will use the same spelling for these defendants' names as the defendants do.

under Rule 12(c) is reviewed under the standards that govern a Rule 12(b)(6) motion. Westcott, 901 F.2d at 1488.

For the following reasons, defendants' motion to dismiss, construed as a motion for judgment on the pleadings under Rule 12(c), should be denied.

**Background**.

Plaintiff, formerly an inmate at the St. Louis City Justice Center, filed this action under 42 U.S.C. § 1983 against defendants City of St. Louis Justice Center, C.O. Jones, unknown mail clerk in the mail room, Lorenzo Chancelor (grievance coordinator), Unknown Portwood (caseworker), Jerome Fields (grievance coordinator and law library supervisor), and Reginald Moore (unit manager). Upon initial review, the Court dismissed some claims and parties but concluded that plaintiff's claims against defendants Portwood, Fields, Jones, Kincade, and Moore regarding the opening of his mail, the denial of his right of access to the courts, and the denial of his right "to call [his] attorney for 4 months" survived review under 28 U.S.C. § 1915(e)(2)(B). See Order of May 25, 2006 [Doc. 5]. Plaintiff was subsequently released from the St. Louis City Justice Center in August 2006.

**Legal Standard**.

The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted -- whether filed pursuant to Rule 12(b)(6) before an answer is filed or pursuant to Rule 12(c) if an answer has been filed, but no discovery undertaken -- is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether

the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (quoted case omitted).

**Discussion**.

Defendants move to dismiss this action, stating that plaintiff's complaint seeks only injunctive relief. Defendants assert that plaintiff's release from the St. Louis Justice Center renders his claim for injunctive relief moot, and therefore the complaint should be dismissed. Defendants cite Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991)).

Although defendants are correct that a release from custody renders moot any claims for injunctive relief, see Dulany, 132 F.3d at 1239, plaintiff's complaint specifically requests compensatory and punitive damages of at least $25,000.00. See Complaint at 13. The Court noted in its order granting plaintiff's motion to proceed in forma pauperis that plaintiff sought monetary relief. See Order of May 25, 2006 at 2. Defendants' motion to dismiss is therefore not well taken. To the extent defendants contend that a ruling by another judge of this Court on a pending motion for summary judgment filed in a separate lawsuit of plaintiff's may have some effect on this case, they

3

may raise that issue following any such ruling. Defendants' motion to dismiss, construed as a motion for judgment on the pleadings, should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss, construed as a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is **DENIED**. [Doc. 44]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of October, 2006.