# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JOHN HENRY WOODS,            )
                                  )
          Plaintiff,        )
                                  )
      v.                   )         No. 4:06-CV-233 CAS
                                  )
ST. LOUIS JUSTICE CENTER, et al.,   )
                                  )
          Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court on a motion for summary judgment filed by defendants Jerome Fields, Reginald Moore, Jeri Kincade, Reba Portwood and Annie Jones.[1] Plaintiff has responded in opposition to the motion for summary judgment. For the following reasons, defendants' motion for summary judgment will be granted.

**Procedural Background**.

Plaintiff, formerly an inmate at the St. Louis City Justice Center, filed this action under 42 U.S.C. § 1983. Upon initial review under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed some claims and parties but concluded that plaintiff's claims against defendants Portwood, Fields, Jones, Kincade and Moore regarding (1) the opening of plaintiff's legal mail, (2) the denial of his right of access to the courts, and (3) the denial of his right "to call [his] attorney for 4 months" survived review. See Order of May 25, 2006 [Doc. 5]. Plaintiff was released from the St. Louis City Justice Center in August 2006.

---

[1]These defendants were sued as Jerome Feilds, Reginal Moore, Unknown Mail Clerk in the Mail Room, Unknown Portwood, and Unknown Jonse, respectively.

Defendants filed the instant motion for summary judgment on January 17, 2007. By Order dated April 19, 2007, the Court directed plaintiff to show cause by May 1, 2007, why the motion for summary judgment should not be granted. See Doc. 52. On April 24, 2007, plaintiff filed a motion for additional time to respond to the motion for summary judgment and a separate motion seeking copies of his complaint in this action and the summary judgment materials. See Docs. 53, 54.[2] On April 30, 2007, the Court granted plaintiff's motions and directed the Clerk of the Court to send to plaintiff, at his then-current address at the St. Charles County Jail, a copy of the docket sheet, the complaint, and defendants' summary judgment materials. The Court also granted plaintiff until June 8, 2007 to respond to the motion for summary judgment. See Doc. 55. On May 11, 2007, plaintiff filed a response to the motion for summary judgment, which is neither verified nor signed under penalty of perjury. See Doc. 59.

In late June 2007, plaintiff filed a motion for extension of time to make Rule 26(a) disclosures which was accompanied by several exhibits [Doc. 61], and a "Motion to Request a Subpoena of a Memo From Grievance Officer and Log Sheet From Case Worker and Document of Support." [Doc. 62] Defendants oppose the latter motion.

---

[2]Plaintiff attached a memorandum in support to his motion for extension of time [Doc. 53], which includes arguments as to why defendants' summary judgment motion should not be granted and certain exhibits relating to plaintiff's confinement in the St. Charles County Jail. The argument portion of the memorandum, which is neither verified nor signed under penalty of perjury, cannot be considered as an affidavit in opposition to the motion for summary judgment. The documents concerning the St. Charles County Jail are irrelevant to this case.

**Legal Standard**.

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v.

Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment. The Court notes that plaintiff has not responded to the statements of material fact as submitted by defendants, and therefore they are deemed admitted to the extent they are not controverted by other aspects of the record. See Local Rule 4.01(E); see also Reasonover v. St. Louis County, Mo., 447 F.3d 569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. Local Rule 4.01(E) where no timely response was filed); Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (same).

**Facts**.

Plaintiff was incarcerated at the St. Louis City Justice Center (the "Justice Center") from July 23, 2004 until his release on August 11, 2006. Plaintiff filed this action pro se on February 21, 2006.

Defendant Fields has been employed by Lutheran Ministries Association since December 1988 to provide services to the Division of Corrections for the City of St. Louis. In December 2005, Fields assumed the duties of grievance coordinator at the Justice Center. Defendant Moore is a Unit Manager at the Justice Center, whose duties include implementation of all programs and services in the inmate housing area. Defendant Kincade is the Business Office Manager at the Justice Center, whose duties include accounting for payroll, ordering office supplies and uniforms, and other miscellaneous administrative tasks. Kincade had no contact with the inmate population at any time. Defendant Portwood is a Correctional Caseworker at the Justice Center, whose duties include social

services. Defendant Jones is a Correctional Officer at the Justice Center, whose duties include care, custody and control of inmates.

Defendants Fields, Moore, Kincade, Portwood and Jones each have submitted affidavits which state in pertinent part, "At no time during Mr. Woods' incarceration did I deny him the right to contact his attorney." <u>See</u> Exs. A-E to Defs.' Mem. Supp. Mot. for Summ. J.

Patrick Schommer is the Executive Assistant to the Superintendent of Corrections. In this capacity, Schommer has personal knowledge of the quarters and schedules of the inmate population. In his affidavit, Schommer avers that throughout plaintiff's incarceration at the Justice Center, he had access to a pay telephone and had the time built into his schedule to make a telephone call to his attorney. Schommer Aff., ¶ 3, Ex. F to Defs.' Mem. Supp. Mot. for Summ. J. Plaintiff could also have made a free telephone call to the Public Defender's Office, which is set up as a speed-dial number and is posted on the bulletin board of the Justice Center housing units. <u>Id.</u> Plaintiff could have made a collect call to a private attorney or he could have petitioned his case worker to grant a free telephone call to contact his private attorney. <u>Id.</u>

During plaintiff's incarceration at the Justice Center, he filed a pro se lawsuit in this Court, <u>Woods v. Chancelor</u>, No. 4:05-CV-728 TCM (E.D. Mo.) ("<u>Chancelor</u>"), which alleged under Section 1983 that the defendants therein were deliberately indifferent to his serious medical needs and that one defendant refused to give plaintiff grievance forms in violation of Justice Center policy. Plaintiff filed the <u>Chancelor</u> case on May 5, 2006. Judge Mummert granted the defendants' motion for summary judgment on October 12, 2006, on the merits of plaintiff's Eighth Amendment claims. <u>See</u> <u>Chancelor</u>, No. 4:05-CV-728 TCM, Mem. and Order of Oct. 12, 2006. Plaintiff submitted copies of numerous documents from the <u>Chancelor</u> case as exhibits to the complaint in this action.

The Court takes judicial notice that plaintiff filed two other pro se lawsuits while he was incarcerated at the Justice Center. See Woods v. St. Louis Police Department, No. 4:05-CV-2383 HEA (E.D. Mo.) (complaint filed December 21, 2005; dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on February 8, 2006; and Woods v. St. Louis Police Department, No. 4:06-CV-226 HEA (E.D. Mo.) (complaint filed February 17, 2006; dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on June 9, 2006).

**Discussion**.

Process was issued on three claims alleged in plaintiff's complaint: (1) the opening of plaintiff's legal mail, (2) the denial of his right of access to the courts, and (3) the denial of his right "to call [his] attorney for 4 months." The Court will address defendants' motion for summary judgment with respect to each of these claims.

As a threshold matter, the Court notes that the complaint was signed under penalty of perjury pursuant to 28 U.S.C. § 1726, and therefore is considered the equivalent of an affidavit in opposition to defendants' motion for summary judgment. See Roberson v. Hayti Police Dept., 241 F.3d 992, 994-95 (8th Cir. 2001). "Although a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion." Id. (citation omitted).

**1. Legal Mail**.

    **a. Plaintiff's Allegations**.

The complaint, which was submitted on a Court-provided § 1983 complaint form supplemented with several handwritten pages and seventy-six pages of exhibits, contains several

allegations concerning plaintiff's mail. On the form complaint itself, plaintiff states, "In this claim I intend to show . . . how my mail was reopened address [sic] to federal courts[.]" Complaint at 6. The supplemental portion of the complaint alleges in pertinent part:

> After receiving my return mail [from] the courts on the claim I filed on the grievance process be [sic] inadequate my mail had been reopened and most of the contence [sic] removed.

Complaint supplemental page 3, ¶ 18.

> And again on 10/31/2005 while cleaning unit officer's desk a letter was found address [sic] to me post dated 10/17/05 inmate Johnny Sims witness this and the officer [sic] name is C/O Mosby.

Id., ¶ 19.

> I have received legal mail opened from Eastern District court which the claim I had been filed had been [served] on all the defendants here at St. Louis Justice Center.

Id., ¶ 20. Finally, the complaint alleges,

> The reason C/O [Jones] is on here [as a defendant in this action] is because she is the one I gave my mail to when it came up missing and I believe the mail clerk also should stand trial.

Id., supplemental page 4 at ¶ 27.

One of the exhibits to the complaint is a Justice Center Inmate Request Form filed by plaintiff [Doc. 2, part 2 (Exhibit Part 1) at 51], which states: "I'm requesting a copy of the response you gave me for the mail room and its workers about what happen[ed] to my legal mail that was open before I had received it for my records . . . ." The Staff Response portion of the Inmate Request Form states, "Mail room personnel apologized for accidentally opening your legal mail and the problem of opening your legal [mail] shouldn't happen again unless there is probable cause." The Staff Response was signed by defendant Fields as Ombudsman Grievance Coordinator.

Also attached to the complaint is an Informal Resolution Request (IRR) Form No. 023879 filed by plaintiff which complains, "Mail and it being not past [sic] out in a timely manner and it coming up missing after being turn[ed] in to staff." Complaint (Ex. Part 1) at 13. In the portion of the IRR calling for a brief statement of the problem, plaintiff stated,

> I have been experience [sic] problems with my mail getting it late and it coming up missing. On 10-31-2005 at 2:00 p.m. Officer Mosby gave me a letter post dated 10-17-2005 which she stated she found while cleaning housing unit officer's desk 14 days late at this time I'm still awaiting answer to mail which has come up miss[ing] from May 5, 2005 and now this.

Id.

Also attached to the complaint are two Inmate/Offender Grievance Forms, No. 24222 and 24225, in which plaintiff complains that Justice Center mail policy requiring a locked mail box in each housing unit and a daily mail pickup and delivery at 1000 hours was not being complied with. See Complaint (Ex. Part 1) at 21, 23. Plaintiff states in Grievance No. 24222 that he has "had mail come up missing which did not make it to where I had address [sic] it to go. I have had mail reopened and some of the contents removed all because mail policy at this institution is not followed." Id. at 21.

Plaintiff submitted a response to the motion for summary judgment [Doc. 59], and a memorandum in support of his motion for an extension of time to respond to the summary judgment [Doc. 53], both of which contain argument and assertions concerning plaintiff's mail claims. Neither of these documents are signed under penalty of perjury, however, and therefore are merely unsupported argument which the Court does not consider on a motion for summary judgment. "[U]nsworn arguments are not evidence." Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 804 (8th Cir. 2006). See Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (district court was

authorized to exclude sua sponte from its consideration of summary judgment motion affidavits that were not signed under penalty of perjury).

**b. Motion for Summary Judgment**.

In moving for summary judgment, defendants first assert that plaintiff has failed to allege with any particularity whether the "legal mail" he alleges the defendants opened outside of his presence were attorney-client communications that would be privileged. Defendants note that plaintiff is proceeding pro se in this action, and assert that this raises a presumption plaintiff does not have an attorney. Therefore, defendants contend it is "highly unlikely" that the mail plaintiff alleges was opened outside of his presence was attorney-client privileged legal mail. Defendants state that "[n]on-privileged inmate mail is clearly not immune to inspection, thus such inspections cannot give rise to civil rights violations." Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981). The defendants do not provide any affidavits or other evidence to support their summary judgment motion with respect to plaintiff's mail claim.

Plaintiff does not allege that the defendants read or opened any correspondence that was marked as attorney-client privileged. See Senty-Haugen v. Goodno, 462 F.3d 876, 891 (8th Cir. 2006). The Court, in carefully reviewing the entire record, finds that plaintiff has alleged that the mail which was opened was from this Court in connection with plaintiff's Chancelor case, No. 4:05-CV-728 TCM. See Complaint supplemental page 3, ¶ 18 ("After receiving my return mail [from] the courts on the claim I filed on the grievance process be [sic] inadequate my mail had been reopened and most of the [contents] removed."), and ¶ 20 ("I have received legal mail opened from Eastern District court which the claim I had been filed had been [served] on all the defendants here at St.

Louis Justice Center.") This finding is also supported by an additional document submitted by plaintiff, which is discussed <u>infra</u> at footnote 3.

In the complaint and exhibits thereto, plaintiff does not allege what was in the opened incoming mail from the Court or what contents were removed from that mail. Plaintiff does not allege that the opening of his incoming legal mail from the Court interfered with his communication with the Court. Plaintiff also does not allege which defendant opened the envelope or removed a portion of his incoming mail from the Court. Only defendant Jones is mentioned in the complaint connection with plaintiff's mail claims, but plaintiff alleges only that he gave mail to Jones to be mailed, and then his mail "came up missing." <u>See</u> Complaint supp. p. 4, ¶ 27. Plaintiff does not allege that the missing mail was legal mail, or that Jones intentionally interfered with the mail.

The Court concludes that plaintiff has not stated a constitutional claim. The Eighth Circuit Court of Appeals considered a similar issue of opening incoming legal mail addressed to a prisoner in <u>Gardner v. Howard</u>, 109 F.3d 427, 431 (8th Cir. 1997). In <u>Gardner</u>, the Court held:

> The act of opening incoming mail does not injure an inmate's right to access the courts. The policy that incoming confidential legal mail should be opened in inmates' presence instead serves the prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband. Given this limited purpose, inadvertent opening of legal mail cannot be actionable under § 1983, particularly when it is followed by the corrective action [defendant] took after she opened [plaintiff's] envelope on March 1, because '[t]o assert a successful claim for denial of meaningful access to the courts . . . an inmate must demonstrate that he suffered prejudice.' <u>Berdella v. Delo</u>, 972 F.2d 204, 210 (8th Cir. 1992).

<u>Gardner</u>, 109 F.3d at 431 (internal citation omitted).

The Eighth Circuit has never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action. Instead, the Eighth

Circuit has agreed with other circuits that an "isolated incident [of opening incoming confidential legal mail], without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." Gardner, 109 F.3d at 431 (quoting Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990)).

In this case, there is no evidence the envelope that was opened was "confidential legal mail" such as that from an attorney, but rather plaintiff asserts it was a copy of documents available as part of the public record of plaintiff's court file in another federal court case. Cf. Cain v. Norris, 2005 WL 3006843, *3 (E.D. Ark. Oct. 19, 2005) (documents available as part of public record were not "confidential legal mail"), aff'd, 193 F.App'x 642 (8th Cir. 2006) (unpublished per curiam); Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) (most "correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files."). Further, plaintiff does not allege an improper motive by the defendants.

Even assuming that the opened envelope was confidential legal mail and that an inadvertent opening of it could be actionable, plaintiff's complaint is fatally defective because there is no allegation that any of the defendants had any personal involvement or action in the opening of or other interference with plaintiff's confidential legal mail. A plaintiff must allege personal involvement by the defendant in the allegedly unconstitutional action. See Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). Further, defendants took corrective action after plaintiff complained that mail from the Court had been opened, by apologizing to plaintiff and stating that the problem should not occur

again.  Finally, plaintiff does not allege and cannot show any prejudice as a result of the inadvertent opening of the envelope from the Court concerning Chancelor.[3]

Other aspects of plaintiff's complaint concerning mail issues, including mail that was not picked up or delivered to him in conformance with Justice Center policies, or that was found on a

---

[3]Plaintiff filed a "Motion of Disclosure and Discovery Under Rule 26(a)(1)(2)" [Doc. 62] on June 27, 2007.  Attached to the motion is, among other things, an envelope postmarked May 9, 2005 that plaintiff received from this Court after he filed Chancelor, 4:05-CV-728 TCM (E.D. Mo.). Plaintiff states that the envelope "was opened by the staff at St. Louis Justice Center and the exhibit was removed which the plaintiff put seven U.S. poststamps [sic] on then when the plaintiff received his copy from the district courts he did not receive a copy of his exhibit which was copy of the I.R.R.s, [grievances] and appeal forms . . . ."  Mot. of Disclosure at 1, ¶ 2 (emphasis added).  Thus, plaintiff is claiming that the materials removed from the envelope sent to him by this Court were copies of the exhibits to the complaint in Chancelor.

Plaintiff's Motion of Disclosure was not signed under penalty of perjury and the accompanying envelopes are not authenticated.  Nonetheless, the Court takes judicial notice that plaintiff's complaint in Chancelor, filed May 6, 2005, was accompanied by seventy-six pages of exhibits, including notes, Inmate Request Forms, IRRs, Justice Center grievance procedures, correspondence, statutes, Justice Center legal materials or information forms, and other materials. See Woods v. Chancelor, et al., No. 4:05-CV-728 TCM (E.D. Mo.), Doc. 1 (attachment 5 - Exhibits).

Plaintiff's unverified assertion that an unspecified person removed the exhibits from the Court's envelope appears doubtful.  The docket sheet in 4:05-CV-728 TCM reflects that on May 9, 2005, the Clerk's Office sent a letter to plaintiff advising him that the office had received and filed the complaint and assigned it a case number.  See 4:05-CV-728 TCM, Docket Entry of May 9, 2005. There is no indication in the record that the Clerk sent a copy of the seventy-six pages of exhibits back to plaintiff along with the letter.  The Clerk's Office generally does not make copies of documents filed in a case for return to a party.  See, e.g., 4:05-CV-728 TCM, Doc. 17, letter dated Oct. 17, 2005 to plaintiff from M. Berg, Deputy Clerk, stating in part, "In the future, if you want a copy of your pleading returned, you must provide an additional copy for the court to return with a self-addressed stamped envelope."  Plaintiff does not assert he sent two sets of the exhibits to the Court so that one could be stamped and returned to him.

housing unit officer's desk, cannot state a claim for relief under section 1983.[4]  The alleged violation

of jail policies does not result in section 1983 liability.  See Gardner, 109 F.3d at 430-31.

Accordingly, the defendants are entitled to summary judgment on plaintiff's claims concerning

his mail.

### 2.  Access to the Courts - Law Library.

Plaintiff alleges in the complaint that his "rights to an adequate law library" have been

violated, and that one of his claims in federal court was partially dismissed because it was "not being

prepard [sic] correctly because the law library was closed for seven months."  Complaint at 6.  More

specifically, plaintiff alleges that (1) he has no "standing right" to access the law library but must file

a Request Form in order to obtain legal materials, see complaint supplement page 1, ¶¶ 1-2; (2) his

claim in Chancelor, 4:05-CV-728 TCM, was partially dismissed "due to not having access to self help

books or to look at self help video that teach how to file a meanfull [sic] claim," id., ¶ 3; (3) no one

in the law library has a library science or paralegal degree, id., ¶ 4; (4) after plaintiff filed his

complaint in Chancelor, the law library closed on May 14, 2005 and remained closed for seven

months and as a result plaintiff could not obtain a copy of the "local rule on [42 U.S.C. §] 1983; id.

at 2, ¶ 8, at 3, ¶ 22; at 5, ¶ 33; (5) plaintiff's claim in Woods v. St. Louis Police Department, et al.,

4:05-CV-2383 HEA (E.D. Mo.) was dismissed "due to not being able to have access to self help legal

books to help me in preparing my claim with some legal foce [sic] which was a hinderance [sic] to

the plaintiff," id. at 2, ¶ 9; and (6) the law library does not have legal research materials on a broad

enough range of topics, "the numbers on the books all only go up to 400," books are missing, and

---

[4]As noted above, plaintiff does not allege that the mail which was not picked up or delivered
to him was confidential legal mail.

inmates' legal assistants "are required to have a minimum of three 20 minutes phone calls each with without regard to the purpose."  Id. at 6, ¶¶ 29-30.

In moving for summary judgment on this claim, the defendants assert that plaintiff has not been denied meaningful access to the courts, citing the instant case and plaintiff's suit in Chancelor as "prima facie evidence that plaintiff has been afforded meaningful access to the courts."  Mot. for Summ. J. at 2.  Defendants state that under applicable Supreme Court precedent, inmates have no freestanding right to a law library or legal assistance, and cannot establish the necessary actual injury simply by establishing that the law library or legal assistance program is theoretically inadequate.  The defendants do not challenge plaintiff's allegation that the law library was closed for seven months, and the Court accepts this allegation as true for purposes of this motion.

"The Supreme Court has held that 'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" Entzi v. Redmann, 485 F.3d 998, 1004 (8th Cir. 2007) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977), *overruled on other grounds by* Lewis v. Casey, 518 U.S. 343, 354 (1996)). "Nevertheless, Bounds 'did not create an abstract, freestanding right to a law library.'" Id. at 1005 (quoting Lewis v. Casey, 518 U.S. at 351).  "Instead, prison officials must provide inmates with 'meaningful access to the courts,' Bounds, 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation."  Id.

"Because 'meaningful access to the courts is the touchstone,' id. at 823 (internal quotation omitted), an inmate alleging a constitutional violation must show an 'actual injury' by 'demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his

efforts to pursue a legal claim.'" Entzi, 485 F.3d at 1005 (quoting Lewis, 518 U.S. at 351). In order

to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim

had been frustrated or was being impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir.

1998) (quoting Lewis, 518 U.S. at 353). The frustrated or impeded claim had to be nonfrivolous,

because "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all . . . ." Lewis,

518 U.S. at 353 n.3.

Even if a prisoner can show a complete and systematic denial of access to a law library or

legal assistance -- which petitioner has alleged with respect to the closure of the Justice Center law

library for a period of seven months -- he must still demonstrate an actual injury to his efforts to

pursue a nonfrivolous legal claim. Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir.

1997) (quoting Lewis, 518 U.S. at 351).

Plaintiff alleges actual injury in his complaint, citing the dismissal of two of his actions filed

in this Court. The records of these actions, of which this Court has taken judicial notice, reveal that

the alleged shortcomings of the Justice Center law library did not hinder plaintiff's efforts to pursue

his legal claims. The dismissals were based on the conclusion that plaintiff's claims were legally

frivolous and failed to state a claim under section 1983 as a matter of law, as discussed below.

Plaintiff alleges that he suffered a partial dismissal of his claim in Chancelor, 4:05-CV-728

TCM, because of denial of law library access. Judge Mummert dismissed as legally frivolous on

initial review, pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's claims concerning the defendants'

failure to provide him with grievance forms, failure to process his grievances and appeals, and the

general ineffectiveness of the grievance procedure at the Justice Center. The Court held that claims

regarding ineffectiveness of the grievance process are not actionable under § 1983. See 4:05-CV-728

TCM, Mem. and Order of August 23, 2005 at 3-4.  Plaintiff does not allege, nor can he allege, what legal materials would have been available to avoid dismissal of his grievance-related claims.  Because the grievance-related claims were frivolous, plaintiff cannot assert that he suffered an injury as a result of the closed law library.  In addition, the Court notes that plaintiff alleges the law library closed after he filed the complaint in Chancelor, and therefore there can be no relation between deficiencies in the complaint and plaintiff's lack of access to the law library.[5]

Plaintiff also alleges that his lack of access to the law library caused the dismissal of his complaint in Woods v. St. Louis Police Department, No. 4:05-CV-2383 HEA (E.D. Mo.).  Judge Autrey described the complaint in that case as follows:

> Plaintiff states that he was arrested on a charge of burglary and a Department of Corrections hold.  He alleges that defendant Tyson, a police officer, had his car towed to teach him a lesson.  Plaintiff states that twenty hours after his arrest all charges were dropped.  According to plaintiff, family members were unable to retrieve his car from the towing company.  Plaintiff states that defendant Tyson informed them that the car was forfeited because of stolen property being found in it.  Plaintiff seeks return of his car.

No. 4:05-CV-2383 HEA, Mem. and Order of Feb. 8, 2006, at 3.

---

[5]The record shows that plaintiff was able to fully litigate his remaining claims in Chancelor, albeit unsuccessfully.  Judge Mummert ordered plaintiff to file an amended complaint setting forth his claims concerning difficulty obtaining pain medication and other medical supplies.  Mem. and Order of Aug. 23, 2005, at 4.  Plaintiff subsequently filed an amended complaint on August 29, 2005 [Doc. 9], and a second amended complaint on November 23, 2005 [Doc. 32].  On November 14, 2005, the Court ordered the Clerk to send plaintiff a copy of the Court's Local Rules.  [Doc. 28]  The record indicates that plaintiff filed numerous motions, memoranda and letters in Chancelor.  On October 12, 2006, Judge Mummert granted the defendants' motion for summary judgment, dismissed certain claims for failure to exhaust administrative remedies, and entered judgment in favor of the defendants on the merits of plaintiff's deliberate indifference to serious medical needs claim.  The Court also noted that plaintiff could not establish a violation of his right of access to the courts, because defendant Chancelor's alleged failure to provide plaintiff with necessary grievance forms had relieved plaintiff of the obligation to exhaust his Eighth Amendment claims.  Id. at 17-18.

Judge Autrey held that plaintiff's complaint was legally frivolous or failed to state a claim upon which relief could be granted under section 1983 because it did not allege the violation of plaintiff's constitutional rights. Id. "Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States." Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000). Judge Autrey explained that no constitutional claim was asserted because (1) seizure of plaintiff's car did not violate the Fourth Amendment, and (2) the deprivation of property does not violate due process rights under the Fourteenth Amendment if adequate post-deprivation remedies are available, and such remedies were available in the courts of the State of Missouri. Id. Finally, the Court held that the loss of plaintiff's property did not constitute cruel and unusual punishment under the Eighth Amendment. Id. at 4. The Court noted that plaintiff might be able to assert a state law claim on the facts alleged. Id. at 3.

As with plaintiff's claims in Chancelor, his claims in Case No. 4:05-CV-2383 HEA were legally frivolous under section 1983 and failed as a matter of law, and thus were not dismissed for any technical deficiency which could be attributed to the lack of a law library. As a result, plaintiff cannot present any facts to support his allegation that unavailability of or deficiencies in the law library hindered him in his ability to pursue the matter. Cf. Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001) (summary judgment proper on access-to-courts claims where plaintiff did not show that either of his dismissed cases was nonfrivolous), cert. denied, 535 U.S. 1037 (2002).

For these reasons, the defendants are entitled to judgment on plaintiff's claims based on denial of access to the courts. Because plaintiff cannot establish that his most serious allegation, the unavailability of the law library for seven months, caused him actual injury, the Court does not discuss

plaintiff's less serious allegations such as limited access to the library and inadequate resources in the library.

### 3. Access to the Courts - Not Allowed to Telephone Attorney.

Plaintiff alleges in the complaint that he has "been denied to call [his] attorney." Complaint at 6. Plaintiff asserts more specifically that defendant Portwood, a Correctional Caseworker at the Justice Center, denied him the right to call his attorney for four months. Complaint supp. at 1, ¶ 6. Relevant exhibits to the complaint include (1) Offender Grievance Form No. 24213 dated January 7, 2006, which mainly addresses plaintiff's complaints concerning the law library, but in the grievance plaintiff states, "and I have been [word illegible] to call my attorney for over three weeks." [Doc. 2, part 2 (Ex. Part 1) at 24]; and (2) Inmate Request Form dated February 7, 2006, which includes the request, "I want to call my attorney." [Doc. 2, part 2 (Ex. 1 Part 1) at 47]. Plaintiff does not state the name of the attorney he wished to contact, or any facts concerning the nature of the matter he wished to contact the attorney about, i.e., whether it was the instant case, other civil cases, or a criminal matter.[6]

The defendants move for summary judgment on this claim, asserting that plaintiff cannot produce any evidence to substantiate it. Defendants state that plaintiff is proceeding pro se in this action and has represented to the Court that he does not have an attorney. The defendants, including

---

[6]There is no indication in the record that plaintiff administratively exhausted his claim concerning access to the courts based on denial of telephone calls to his attorney. The exhaustion provision of the Prison Litigation Reform Act states, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Nonetheless, an inmate's failure to exhaust available administrative remedies is an affirmative defense which the plaintiff need not plead, and which is subject to waiver by the defendant. Jones v. Bock, 127 S. Ct. 910, 915, 549 U.S. __ (2007)

defendant Portwood, have submitted affidavits which aver that they did not deny plaintiff the right to call his attorney. Defendants have also submitted the affidavit of Patrick Schommer, Executive Assistant to the Superintendent of Corrections, which avers that throughout plaintiff's incarceration he (1) had access to a pay phone and had the available time to call his attorney, (2) could have placed a free call to the Public Defender's Office, which is set up on a speed dial number and posted on the bulletin board in the Justice Center's housing units, (3) could have made a collect call to his private attorney, or (4) could have petitioned his case worker to grant a free telephone call to his private attorney. See Schommer Aff., Ex. F to Defs.' Statement of Uncontroverted Material Facts, ¶ 3. As stated above, plaintiff did not respond to the defendants' statement of facts.

Prisoners have a general right to consult with their legal counsel. McMaster v. Pung, 984 F.2d 948, 953 (8th Cir. 1993). "An inmate's constitutional right of access to the courts includes a reasonable *opportunity* to seek and receive the assistance of attorneys." Jones v. James, 38 F.3d 943, 945 (8th Cir. 1994) (citing Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413 (1989)). Access to courts and counsel, however, need not be more than "reasonable." See Lewis, 518 U.S. at 350-51 (holding that the Constitution does not mandate use of any particular method for providing access to courts or counsel). Restrictions on telephone calls to counsel may be imposed as long as prisoners have some means of access to counsel and the courts. See Pung, 984 F.2d at 953; Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992). It is not unconstitutional to require that inmates' telephone calls be placed "collect." Aswegan, 981 F.2d at 314 (finding a state penitentiary's prohibition against prisoners making toll-free telephone calls, even to 1-800 numbers, did not violate the Constitution's court and attorney access requirements). In addition, as previously discussed, to establish an unconstitutional

restriction on the right of access to the courts, an inmate must plead and prove he was actually impeded in his ability to conduct a particular case. Lewis, 518 U.S. at 353.

Viewing the facts in the light most favorable to plaintiff, the Court finds for purposes of this motion that defendant Portwood refused to permit plaintiff to place a free telephone call to his attorney for four months. Plaintiff has not, however, controverted defendants' affidavit evidence that he had access to a pay telephone and the available time to use it, that he could have called the attorney collect, or that he could have made a free call to the Public Defender's office. In addition, plaintiff would have been free to communicate with his attorney by mail. Because these methods were available for plaintiff to contact his attorney, he retained reasonable access to counsel, and Portwood's refusal to permit him to place a free telephone call to his attorney is not a constitutional violation. Therefore, the Court finds that plaintiff has failed to counter defendants' evidence showing their actions did not violate his constitutional rights, see Parks v. City of Horseshoe Bend, Ark., 480 F.3d 837, 839 (8th Cir. 2007) (to survive summary judgment motion, nonmovant must present more than scintilla of evidence and must advance specific facts to create genuine trialworthy issue).

As stated above, plaintiff did not allege in the complaint the name of the attorney he wished to contact, or the matter he wished to discuss with the attorney. The Court takes judicial notice that all of plaintiff's civil cases filed in this district were filed pro se. In plaintiff's response to the motion for summary judgment [Doc. 59], which was not signed under penalty of perjury, plaintiff asserts that he was incarcerated in the Justice Center on unspecified criminal charges, that his criminal attorney was a Robert P. Taffey, and that he requested over a period of several months to call Mr. Taffey but defendant Portwood refused the requests. Because these allegations are not sworn to under penalty

of perjury, the Court cannot consider them as evidence in opposition to the motion for summary judgment.[7]

Even if the Court were to accept these allegations as true for purposes of this motion, plaintiff has failed to establish a constitutional violation. In addition to the Court's conclusion that plaintiff retained reasonable access to his attorney, plaintiff has not alleged that he suffered any prejudice or actual injury because of Portwood's conduct. All claims of violation of the right of access to the courts must be founded on actual injury. See Lewis, 518 U.S. at 353; Aswegan, 981 F.2d at 314. Defendants' motion for summary judgment on this claim should therefore be granted.

**Conclusion**.

For the foregoing reasons, the Court concludes that defendants are entitled to summary judgment on all of plaintiff's claims under section 1983.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is **GRANTED**. [Doc. 48]

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Request Leave of the Court for Disclosure and Discovery For Not Receiving Doc 41" and "Motion to Request a Subpoena of a

---

[7]On page 5 of the Complaint, in response to questions about plaintiff's efforts to contact private attorneys for representation in the matter, plaintiff stated:

Robert P. Taaffe, Jr. 1015 Locust Street Suite 709. He was suppose[d] to file this suit but he failed after I sent him my paperwork.

I made a[n] effort several months ago but he failed to file my claim and will not send me my paperwork back.

Memo From Grievance Officer and Log Sheet from Case Worker and Document of Support" are

**DENIED as moot**.  [Docs. 61, 62]

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  _20th_  day of August, 2007.